**\*E-FILED 10/3/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE MENDEZ, et al., | NO. C 06-07735 RS |
| Plaintiffs, | **ORDER RE MOTION TO DISMISS** |
| v. | |
| SANDPIPER FARMS LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs in this action were employed by defendant Sandpiper Farms LLC as seasonal field laborers. They bring this action against Sandpiper, its principal Daniel Schmida, its human resources assistant Dolores Gonzales, and supervisory employee Gregorio Huichapa, advancing sexual harassment, discrimination and related claims, and certain alleged wage and hours violations. Defendants move to dismiss on various grounds. For the reasons set out below, the motion will be granted, with leave to amend.

## II. BACKGROUND

Plaintiff Jose Mendez has been employed by Sandpiper intermittently from 2001 through the present. He contends he has been subjected to a hostile work environment, harassment and retaliation since April of 2006. Although the details are sketchy, Mendez claims to have complained to management regarding sexual assaults and harassment of others that he witnessed. Thereafter, he

1

asserts, he was threatened by coworkers for complaining, and then reassigned "to a less desirable position within the company." Plaintiff Catalina Buenayente has been employed by Sandpiper for approximately two and a half years. She too complains generally of a hostile work environment, sexual harassment, discrimination, retaliatory threats, and a failure by management to take corrective action.

Plaintiff Adriana Sanchez worked for Sandpiper between 2001 and 2003, when she left after allegedly being raped by defendant Huichapa. She later returned to Sandpiper under a different name, but contends she was wrongfully terminated in 2004 for refusing further sexual advances from Huichapa.

The First Amended Complaint ("FAC") sets out sixteen claims for relief. Defendants raise one or more challenges to each of the claims, although it appears they do not contest that plaintiff Sanchez has pleaded at least some viable claims, as described in more detail below.

### III. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, the Supreme Court has recently rejected the oft-quoted formulation of *Conley v. Gibson*, 355 U.S. 41, 47, (1957) that "a complaint should not be dismissed

2

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007).

## IV.  DISCUSSION[1]

A. <u>Federal claims of Mendez and Buenayente for discrimination, harassment, and retaliation</u>

The Fourth, Fifth, and Seventh claims for relief each allege sexual harassment, discrimination, or retaliation in violation of federal law.  There is no dispute, however, that plaintiffs Mendez and Buenayente have neither alleged nor can truthfully allege that they filed claims with the Equal Employment Opportunity Commission ("EEOC') regarding such purported conduct.  Instead, Mendez and Buenayente attempt to rely on the fact that plaintiff Sanchez filed an EEOC complaint on behalf of herself and "a class of female employees [that] have been retaliated and discriminated against," (Declaration of James W. Sullivan, Exh. C.) to argue that their claims are within the scope of the matters presented to the EEOC for investigation.  Plaintiff Mendez is not a "female employee" and his claims plainly were not encompassed by Sanchez's EEOC complaint.  Plaintiffs do not argue to the contrary.

Plaintiff Buenayente's claims arise from alleged conduct of defendants occurring "approximately two and one half years" prior to the time the first amended complaint was filed in May of 2007 and thereafter. FAC ¶ 20.  Sanchez's EEOC complaint relates to conduct predating Buenayente's employment and involving specific acts distinct from the matters about which Buenayente complains.  As such, Sanchez's EEOC complaint cannot reasonably be seen as serving to "sufficiently apprise the EEOC, 'in general terms, of the alleged discriminatory parties and the alleged discriminatory acts.'" *Freeman v. Oakland Unified School Dist*., 291 F.3d 632 (9th Cir. 2002).  Accordingly, the Fourth, Fifth, and Seventh claims for relief are dismissed, without leave to

---

[1] Defendants urge the Court to strike plaintiffs' opposition brief and to grant the motion solely on the grounds that the opposition exceeds the page limits of Civil Local Rule 7-4 (b) and that it appears to violate the font requirements of Rule 3-4 (c) (2) as well.  The Court will exercise its discretion to consider the opposition on the merits, but cautions plaintiffs against either exceeding the page limits without leave of court or attempting to evade those limits through manipulation of fonts or margins, or by use of footnotes.

3

amend, as to plaintiffs Mendez and Buenayente.

### B. Federal claim of all plaintiffs for wage and hour violations

Plaintiffs concede that the claim pleaded in the First Amended Complaint for violations of the FLSA fails because they are agricultural workers exempted from the scope of that law.[2] Plaintiffs contend, however, that they can allege substantially similar claims under the Migrant and Seasonal Workers Protection Act, 29 U.S.C. §§ 1801, *et. seq.*, and they request leave to do so. Accordingly, the motion to dismiss will be granted as to the Sixteenth Claim For Relief, with leave to amend.

### C. State law claims of Mendez and Buenayente

Defendants contend that in the absence of any viable federal claim brought by plaintiffs Mendez and Buenayente, the Court should decline to exercise jurisdiction over any state law claims they may have, regardless of whether or not those claim have been adequately pleaded in the First Amended Complaint. The Court agrees, and will grant the motion to dismiss all of the state law claims asserted by Mendez and Buenayente subject to the caveat they may re-plead those claims if they have a viable basis to attempt to plead a claim under federal law. This applies to the First, Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth claims for relief to the extent those claims are asserted by Mendez or Buenayente.

### D. Sanchez's PAGA claim

Plaintiffs expressly concede that the statute of limitations under PAGA is one year and they effectively concede that Sanchez's claim under PAGA is therefore time-barred. Plaintiffs argue that the limitations period does not apply to *other* remedies Sanchez is seeking, but that argument goes only to the viability of other claims for relief, not the PAGA claim. See Opposition at 8:26-9:1

---

[2] Plaintiffs assert that the FLSA does *not* exempt agricultural workers with respect to claims for unpaid break and meal time. Even assuming plaintiffs are correct as to that point, or that the FLSA has provisions applicable to such circumstances, plaintiffs' claim under the FLSA as currently pleaded alleges only a failure to pay overtime. FAC ¶¶ 137-140.

4

(arguing that California Labor Code claims; FLSA claims, and Cal Business & Professions Code claims are all governed by their respective and separate limitations periods). Accordingly, the Thirteenth Claim for Relief is dismissed as to plaintiff Sanchez. Because this is the initial challenge to the adequacy of the pleading, leave to amend will be granted, but Sanchez should not attempt to re-plead unless she can in good faith allege a basis for tolling of the limitations period.

E. <u>State law claims of Sanchez other than PAGA claim</u>

Although the organization of the briefing is such that it is difficult to discern exactly which claims are being challenged by the pending motion to dismiss, it appears defendants do not contest that Sanchez has stated viable claims under the First, Second, Third, Sixth, Fourteenth, and Fifteenth Claims for Relief, at least as to defendant Sandpiper itself. Defendants contend, however, that the complaint does not allege sufficient facts to show any acts of harassment or retaliation by defendants Schmida or Gonzales to support imposing individual liability upon them under any of the first three claims for relief. Although the question is close, given federal notice pleading standards, the Court agrees that more detail is warranted. Accordingly, Sanchez's claims against the individual defendants under the first three claims for relief are dismissed, with leave to amend.

Plaintiffs concede that the Eighth and Ninth Claims for Relief would only be viable if the individual defendants are *not* employees of Sandpiper, yet the complaint expressly alleges the contrary. Plaintiffs suggest the claims nonetheless should not be dismissed as discovery may show that one or more of the named defendants was actually an independent contractor. The fact remains, however, that the complaint at present fails to state a claim. Accordingly, the Eighth and Ninth Claims for Relief will be dismissed, without prejudice to a future amendment should discovery reveal evidence that the individual defendants were not employees of Sandpiper.

Plaintiffs fail to address defendants' showing that the Tenth Claim for Relief is barred by the applicable statute of limitations. Accordingly, the claim is dismissed. Again, leave to amend will be granted because this is the initial challenge to the pleading, but Sanchez should not attempt to re-plead unless she can in good faith allege a basis for tolling of the limitations period.

Defendants' moving papers did not address the Eleventh Claim for Relief, but the reply brief

5

argues that Schmida is not individually liable thereunder. As noted above, the Eleventh Claim for Relief is only asserted against Sandpiper; the argument regarding that claim in the reply appears to have been included by inadvertence. As to the Twelfth Claim for Relief, however, the Court agrees with defendants that Schmida is not the "employer" and therefore the claim must be dismissed as to him. The Court need not reach the question of whether Schmida could face individual liability under the Thirteenth Claim for Relief, because that claim has been dismissed for the reasons stated above.

### F. Sanchez's Seventh Claim For Relief

Defendants also apparently do not challenge the adequacy of Sanchez's pleading as to the Seventh Claim for Relief with respect to Sandpiper's potential liability under federal law for alleged retaliation. Again, however, defendants argue that insufficient facts have been pleaded as to the individual defendants' conduct to support their liability. As above, the question is close under notice pleading standards, but additional detail is warranted. Accordingly, the Seventh Claim for relief is dismissed as between Sanchez and the individual defendants, with leave to amend.

### G. PAGA, Due process, and Fed Rule. Civ. P. 23

The Court has given careful consideration to the question of whether it should decide at this juncture the question of whether permitting plaintiffs to pursue a claim under PAGA comports with defendants' due process rights or is otherwise permissible given the existence of Rule 23 of the Federal Rules of Civil Procedure governing class actions in federal courts. The Court recognizes that the parties have fully briefed the issue and that in the event plaintiffs subsequently state a cognizable federal claim under the Migrant and Seasonal Workers Protection Act, 29 U.S.C. §§ 1801, *et. seq.*, it will be ripe for consideration. Nevertheless, at this juncture, the Court lacks jurisdiction over any PAGA claims, because the federal claims of plaintiffs Mendez and Buenayente are being dismissed (albeit with leave to amend) and plaintiff Sanchez's PAGA claim is time-barred. Accordingly, any opinion as to the viability of a PAGA claim on these facts or in a federal forum generally would be advisory, and the Court declines to render such a decision.

6

H. <u>Other issues</u>

Defendants argue that various allegations fail to state a claim against one or more of the defendants for additional reasons. Most, if not all, of those issues have been addressed in connection with the discussion of Sanchez's state law claims in section E above. In light of the foregoing conclusions, at this juncture the Court need not reach any other issues that may have been raised. The Court cautions plaintiffs, however, that any amended complaint should seek to impose liability against particular defendants under the various claims for relief only where they have a good faith basis for advancing such a claim.

## V. CONCLUSION

The motion is granted to the extent set forth above and is otherwise denied. Plaintiffs shall file any amended complaint within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: October 3, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTION TO DISMISS
C 06-07735 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Michael L. Meuter     mmeuter@crla.org

James Washburn Sullivan     jim@lomgil.com, bobbee@lomgil.com, ruth@lomgil.com

Charles Swanston     cswanston@fandslegal.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/3/07**                                                    **Richard W. Wieking, Clerk**

                                                                      **By:     Chambers**

ORDER RE MOTION TO DISMISS
C 06-07735 RS

8